# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. HENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-cv-004-JPG |
| | ) |
| JEREMY KENNON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the McHenry County Jail, was at all times relevant to this suit an inmate in the Chester Mental Health Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). On October 14, 2010, Defendant Kennon was going through Plaintiff's property, and learned that Plaintiff had filed a suit against him.[1] Defendant Kennon then began a campaign of waking Plaintiff from his sleep close to 11:00 PM on October 14, 15, 16, 22, 23, 27, 28, and 29. This sleep was induced by Plaintiff's epileptic medication. Defendant Williams assisted Defendant Kennon in the interruption of Plaintiff's sleep on October 28. Plaintiff then complained to medical staff as well as the institution's administration, and received a medication to help him sleep as well as a reassignment to a different living area.

Plaintiff made Defendants George, Bollman, and Kelley aware of the actions of Defendant Kennon. Other than providing him with a new medication and relocating him, they did nothing further to protect him.

**Discussion:**

Plaintiff alleges that Defendant Kennon retaliated against him for filing complaints by

---

[1] Plaintiff further alleges that Defendant Kennon stole his legal materials, but as this is only mentioned in one sentence, and has been raised in a separate suit filed by Plaintiff, it will not be discussed here. See 11-005-JPG

2

waking Plaintiff from his sleep close to 11:00 PM on October 14, 15, 16, 22, 23, 27, 28, and 29, and Defendant Williams assisted Defendant Kennon in his retaliatory act on October 28th. The courts have considered whether interruption of sleep amounts to an Eighth Amendment violation, and have specifically focused on the duration of the action causing the interruption, the effects of the interruption of sleep on the specific inmate, as well as the legitimate reasons for the interruption. *See Scarver v. Litscher*, 434 F.3d 972, 974 (7th Cir. 2006)(inmate stated a claim where cell was constantly illuminated, which exacerbated his mental condition); *Whitford v. Boglino*, 202 F.3d 276 (1999)(Plaintiff housed in a lighted cell for only three weeks failed to alleged that he lost sleep or was otherwise harmed); *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996)(inmate stated a claim where excessive noise on a nightly basis interrupted and prevented sleep); *Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650 (8th Cir. 1996)(inmate was confined for only 14 days in lighted cell, lights were necessary for observation purposes, and inmate was observed asleep for a number of hours); *Kennan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996)(inmate stated a claim when he was subjected to bright light for 24 hours a day which caused substantial sleeping problems as well as psychological harm).

However, the Court need not determine at this point in time whether Defendants Kennon and Williams violated the Eighth Amendment by interrupting Plaintiff's sleep. For even if these allegations were found to be inactionable in and of themselves under the Eighth Amendment, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under §1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (*discussing Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for

3

different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995)(retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action or actions that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges*, 557 F.3d at 551. This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss this retaliation claim at this time.

Plaintiff next alleges that, although he made Defendants Bollmann, George, and Kelley aware of the actions of Defendants Kennon and Williams, they failed to protect him further than providing new medication and relocating him within the institution. Plaintiff seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook has stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done,

4

> more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to [results] That can't be right. *See Durmer v. O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595.

Plaintiff claims that Defendants Kennon and Williams caused the harm he has suffered, and that Defendants George, Bollmann, and Kelley failed to act to correct the situation. As explained above, Defendants George, Bollmann, and Kelley are responsible only for their own actions, and Plaintiff has not alleged that these Defendants personally took any harmful actions against him. For this reason, this claim is dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **GEORGE, BOLLMANN,** and **KELLEY** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **KENNON** and **WILLIAMS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal

Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:   April 8, 2011**

    *s/J. Phil Gilbert*
    **United States District Judge**